The opinion of the Court was delivered by
O’Neall, J.
In this case, the defendant has no right to complain of the instructions of the presiding Judge upon the facts. He, the defendant, had the full benefit of the absence of the plaintiff in execution, the defendant’s insolvency, and the renewal of the executions, as rebutting circumstances against the presumption of payment arising from lapse of time.
The only ground on which he can stand is, that the Judge below instructed the jury that the presumption of payment arose from the time the judgment was entered up, and not from the time when the last execution lost its active energy.
There is no case to be found, which makes the exact point in issue in this case. Our practice of issuing executions which are suffered to run on for years without levy, and still having a lien from their lodgement, constitutes a peculiar feature in our jurisprudence, and leads, sometimes, to difficulties in applying principles derived from England, or our sister States.
Still, I think, both on reason and authority, the rule was stated correctly below. In a suit on a judgment by action of debt, or on a scire facias to revive it, the judgment is the predicate of the proceedings. The issuing and return of executions is not set out: the party simply alleges he has not had execution. This being the case, how can he appeal to the return of the last execution as the time at which his right to demand his money begap to lie dormant? It is a mere circumstance, which may or may not repel the presumption. The right of the party to be paid, is ascertained by the re *504 covery of a judgment, the same as that is ascertained by the time when a bond is due.
It was at one time ruled that lapse of time, (twenty years,) operated like a rule of law, and unless the case was within its exceptions, it could not avail the party. Hutchison vs. Noland, (1 Hill, 222). But the better opinion now seems to be, that lapse of time is in place of evidence to prove a fact, and any thing which will go to remove the belief, which would otherwise arise from it, is enough to rebut it. (Best on Presump. 46 et seq.) This makes it, and the circumstances relied on to remove it, essentially matters proper for the jury; and this case might be here rested.
But it may be useful to pursue the enquiry in another aspect, and see how far authority may support the position, that the issuing of the execution cannot control the presumption.
The case of Brewton vs. Cannon, (1 Bay, 482,) is the first case which our books present. In it, the rule was laid down on the circuit, that unless a payment within the twenty years was shewn, the bond was to be presumed to be paid. The Court sent it back, on the ground, that the revolutionary war, and its consequent distresses were facts, which might rebut the presumption. In that case the course was pursued, which was pursued in this case, it was left to the jury to decide on the rebutting circumstances. If war, then, was not a legal cause to arrest the presumption, much less can the plaintiff’s execution have that effect. But it is supposed, that presumption rests on the acquiescence of both parties. I think that can hardly be said to be the case. For a plaintiff may demand payment every day in the year, for twenty years, and if the defendant does or says nothing shewing acquiescence on his part, it can have no effect. Indeed, generally, he could make no such proof.
The case of Palmer vs. Dubois, (1 Mill, 178,) is an illustration of the position, that the plaintiff’s action alone cannot rebut the presumption. There, the presumption of payment was attempted to be rebutted by shewing an intervening suit brought, and discontinued. This the Court held to have no such effect. *505 That great Judge (Cheves) held that it was in aid of the presumption, instead of being against it. The letting fall of the suit is a sort of renunciation of the claim. So here, the. party by ceasing to renew his execution in 1835, eleven years before the intestate’s death, is a circumstance in aid of the presumption. It is a letting fall his remedy, like a discontinuance. A party, by keeping his execution renewed for twenty years or more, has no occasion to ask during its active energy for the aid of the Court. He can collect his debt, and there is no room for presumption. But the moment he lets fall his active remedy, and comes into Court to revive his judgment, and give him a fresh execution, then he encounters the presumption from lapse of time, and then he must satisfy the jury that the presumption ought not to attach.
In Kennedy vs. Denoon, (3 Brev. 476,) the case was a sci. fa. on a judgment: and although the time was not sufficient, yet the Court looked alone to the time of- the recovery of the judgment and not to the entry of the execution, or its return.
In general, after a year and a day at common law, and now after the extended period allowed by our Acts, had expired without an execution, the law raised the presumption that the plaintiff had released the execution, and, therefore, he was obliged to resort to his sci. fa. to give the defendant the opportunity of shewing the release, or shewing other cause, why the execution should not be issued. (2 Tidd. Pr. 1102). This being the case, at the earliest period when a revival can be demanded, it is difficult to conceive how the issuing and return of successive executions can be any benefit to the party.
The case of Mullikin vs. Duval, (7 Gill & Johns. 355,) approaches nearer to this case than any which I have seen : and for my reference to it, I am indebted to the industry of my brother Withers. In Maryland there is a statute, by which the action on a judgment is barred, if “ it is of twelve years standing.” The question ,in the case was, whether the time was to be computed from the rendition of the judgment, or the return *506 of the execution ? It was held, it must begin from the time the judgment took effect, and not from the return of the execution. At page 358 et seq., Judge Stephen puts the matter in a clear and unanswerable point of view: his conclusion is, I think, exactly pertinent to the case in hand. “ Whenever, therefore,” says he, “it becomes,necessary to resort to a sci.fa. to revive the judgment, and limitations are pleaded, the time must be computed, not from the return of an execution issued thereon, but from the period when the judgment became legally efficient, and operative, so as to entitle the party to judicial process to enforce it.” This would seem to be a judgment almost on the point before us. The only distinction is, that case is under a statute, and this under a rule taken very much in analogy from it. Both alike must look to the time, when the debt is demandable: and both would be controlled' by any thing which shewed, that a right, beginning at the rendition of the judgment, would be carried forward, and take date from the return of the execution. I think the analogy is so perfect between the cases, that if I had doubted before, this would have brought my mind to the conclusion, that the presumption would begin from the judgment and not from the return of the execution.
In Boardman vs. DeForest, (5 Conn. R. 1,) the action was debt on a judgment: plea, — -full payment. The defence was, that more than twenty years had expired from the rendition of the judgment, and, therefore, payment was to be presumed.— Hosmer, C. J. ruled, “ that a debt may be presumed to have been satisfied when suffered to lie dormant for twenty years, if the forbearance is unexplained by facts which destroy the reason of the rule.” This ruling was held by the Court to be unexceptionable. The Court, I gather from reading the opinion, held, that to constitute such facts as would explain the forbearance, there must be some act, or admission on the part of the defendant, shewing the continuance of the debt. To that I fully assent. In the issuing, returning and renewing of executions, the defendant has no action. It may be done and redone for *507 forty years, and unless he is astute enough to examine the clerk’s and sheriff’s offices, he will be ignorant of the facts.
It is supposed each issue of an execution is a judicial, recognition of the debt: but surely this cannot be the case. The execution is process merely, given to enforce a debt ascertained by the judgment. The Court is in no way responsible for its accuracy: it issues of course: and the plaintiff is responsible if he issues it irregularly, or without authority. It is throughout the plaintiff’s act. How that can affect the defendant, I confess, I do not perceive. The motion is dismissed.
Frost, Withers and WhitNer, JJ. concurred.